**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

MIGACHEVA, EKATERINA                    CASE NO.:

        Plaintiff,

vs.

ORIENTAL PENSION
CONSULTANTS,
a Florida Profit Corporation

        Defendant.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EKATERINA MIGACHEVA ("Ms. Migacheva" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, ORIENTAL PENSION CONSULTANTS ("OPC" or "Defendant") and alleges the following:

1.    Plaintiff brings these claims for sex/pregnancy discrimination in violation of Title VII ("Title VII"), the Pregnancy Discrimination Act ("PDA"), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") to recover from Defendant back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION

2.    This Court has original jurisdiction over Plaintiff's claims as they arise under federal law pursuant to Title VII and the PDA, and the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

3.    The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's PDA and Title VII

claims that it forms part of the same case or controversy.

## CONDITIONS PRECEDENT

4.      On July 21, 2020, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

5.      The Charge has remained with the EEOC and FCHR for more than one-hundred and eighty (180) days and is now ripe for filing under the FCRA.

6.      On March 24, 2021, the EEOC issued Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within ninety (90) days of her receipt of same.

7.      Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

## VENUE

8.      Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## PARTIES

9.      During all times relevant, Plaintiff lived in Palm Beach County, Florida.

10.      Plaintiff is protected by the Title VII, PDA, and FCRA, because:

         a.      She was a pregnant female who suffered discrimination because of her sex/pregnancy by Defendant; and

         b.      She suffered an adverse employment action and was fired because of her pregnancy by Defendant.

11.     Defendant was at all material times an "employer" as defined by Title VII, the PDA, and FCRA as it employed in excess of fifteen (15) employees, collectively.

12.     Defendant is a Florida profit corporation that operates in, among other places, Palm Beach County, Florida.

## GENERAL ALLEGATIONS

13.     Ms. Migacheva worked as a Trading Specialist for OPC from October 28, 2019, until March 20, 2020.

14.     Ms. Migacheva was an exceptional employee, with no significant history of attendance, performance, or disciplinary issues.

15.     In fact, OPC's Managing Director, Ed Moss ("Mr. Moss"), confirmed in written correspondence dated January 9, 2020, that Ms. Migacheva was meeting all expectations and that OPC would hire her as a full-time OPC employee in March of 2020.

16.     In late January 2020, Ms. Migacheva disclosed her pregnancy to Human Resources Director, Daisy Hall ("Ms. Hall").

17.     A few days later, Plaintiff's recruiter, Katherine Spark ("Ms. Spark"), informed Ms. Migacheva that her pregnancy created a problem for Defendant and informed her that her prospective "maternity leave" would not be accommodated.

18.     As Ms. Hall was the only employee with knowledge of Plaintiff's pregnancy, it was clear that she communicated her dissatisfaction with our client's pregnancy to Ms. Spark, in an effort to discriminate against Plaintiff for her decision to start a family.

19.     In the weeks following Plaintiff's pregnancy disclosure, Ms. Hall discriminated against Plaintiff in a hostile manner.

20.     Specifically, Ms. Hall often attempted to embarrass Plaintiff by demanding her to publicly provide explanations in front of her whole team, gave her unneeded assignments during lunch hours, and sabotaged her employment by cancelling Plaintiff's timesheets for no reason and demanding that she resubmit same.

21.     Non-pregnant OCP employees were not treated in this manner and were allowed to enjoy the benefits of employment without this discriminatory and targeted harassment. This behavior clearly establishes disparate treatment between pregnant employees such as Plaintiff and OCP's non-pregnant employees in violation of the law.

22.     On March 2, 2020, Plaintiff contacted Ms. Hall and asked her when OPC would offer her full-time employment, as Mr. Moss had indicated earlier.

23.     Furthermore, Plaintiff also asked Ms. Hall for information about OPC's maternity leave and accommodations for pregnant employees.

24.     Shockingly, Ms. Hall failed to respond to these inquiries.

25.     Instead, on March 5, 2020, OPC confronted Plaintiff with a newly hired non-pregnant individual and forced Plaintiff to train this person to the job that Mr. Moss indicated would be Plaintiff's.

26.     On Saturday, March 21, 2020, after several inquiries from Plaintiff regarding her work status and prospective pregnancy accommodations, Ms. Spark informed Plaintiff that her assignment had ended on March 20, 2020, and that OPC would not be hiring Ms. Migacheva full time.

27.     According to Ms. Park, OPC had switched to "working from home" during the COVID-19 pandemic. Our office has learned, however, that Plaintiff's replacement, who was not pregnant, replaced our Plaintiff on a full-time basis, and was not working

from home, but in OPC's offices, beginning on March 23, 2020.

28.     It is clear that Defendant saw Plaintiff's pregnancy and her requests for future accommodations as problematic and utilized same as a major factor in its decision to terminate her and/or withdraw its offer of employment.

29.     It is clear that Ms. Migacheva's offer of employment was withdrawn because she was pregnant and would possibly require reasonable accommodation including unpaid time to go to medical appointments, unpaid time off to address any pregnancy-related complications, and unpaid time off to give birth.

30.     Plaintiff was entitled to these foregoing reasonable accommodations for her pregnancy.

31.     Defendant's conduct toward Plaintiff creates a strong presumption of unlawful pregnancy discrimination.  *See Byrd v. Lakeshore Hospital*, 30 F.3d 1380, 1382 (11th Cir.1994) ("It is today a settled principle that the [pregnancy laws] are violated when pregnant employees are denied privileges afforded non-pregnant temporarily disabled employees."); *see also Armindo v. Padlocker, Inc*., 209 F.3d 1319, 1320 (11th Cir.2000) (An employer violates the PDA when it fires an employee based on her pregnancy.).

32.     Plaintiff's firing/employment offer withdrawal constitutes an adverse employment action as defined by the PDA, Title VII, and FCRA.

33.     At all material times hereto, Plaintiff was ready, willing, and able to perform her job duties.

34.     Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment and discrimination suffered by Plaintiff.

35.     Plaintiff was replaced by a non-pregnant employee.

36.     Plaintiff suffered damages, including, but not limited to, lost wages, benefits, compensatory damages, and emotional distress, as a result of Defendant's actions.

37.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I
### SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF
### THE PDA AND TITLE VII

38.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-37 as if fully set forth in this Count.

39.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/pregnancy discrimination under the PDA and Title VII.

40.     The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy.

41.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

42.     The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

43.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

## COUNT II
## SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT

44.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-37 as if fully set forth in this Count.

45.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/pregnancy discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

46.     The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy.

47.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

48.     The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

49.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 14th day of June 2021.

By: /s/ **NOAH STORCH**
Noah Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorney for the Plaintiff*